UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | DOCKET NO. 1:05-cr-1067 KMK |
| v. | * | |
| | * | JUDGE KARAS |
| STEVEN EARL RIDDICK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MOTION TO SEVER IN LIGHT OF *BRUTON V. UNITED STATES*
& MEMORANDUM IN SUPPORT**

COMES NOW, the Defendant, Steven Earl Riddick, by and through his attorney of record, and hereby files this Motion to Sever his case from that of his co-defendant, Nathaniel Alexander, pursuant to the Confrontation Clause of the Sixth Amendment and *Bruton v. United States*, 391 U.S. 123, 126, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). The Defendant would show unto Court as follows:

1. Recently, this Court ruled admissible statements given by Nathaniel Alexander during a proffer session to the Assistant United States Attorney;

2. The Defendant, Nathaniel Alexander, in such statement makes several incriminating statements about the defendant, Steve Riddick. (See Exhibit "A");

3. The government has argued vigorously that such statements are admissible and the Defendant Riddick believes that the government intends on introducing such statements in their case in chief;

4. If Mr. Riddick goes to trial with Mr. Alexander and the government introduces statements of Mr. Alexander regarding Mr. Riddick's involvement then Mr. Riddick will not have the opportunity to cross examine Mr. Alexander about such statements given Mr.

Alexander's rights pursuant to the Fifth Amendment to the United States Constitution to remain silent;

    5.    Wherefore, Defendant Riddick submits that his rights under the Confrontation Clause of the Sixth Amendment would be violated and demands a severance.

## MEMORANDUM OF LAW

The confrontation clause of the Sixth Amendment guarantees a criminal defendant the right to cross-examine the witnesses against him. *Pointer v. Texas,* 380 U.S. 400, 406-07, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). If a declarant-witness has confessed to the police that he and the non-declarant-defendant committed the crime together, then that confession is admissible against the declarant-witness as an admission. Fed.R.Evid. 801(d)(2). However, such confession is inadmissible as hearsay against the nondeclarant-defendant. Thus, unless the non-declarant-defendant has an opportunity at trial to cross-examine the declarant-witness, the part of the statement incriminating the nondeclarant-defendant may not be admitted at the joint trial. *Cruz v. New York,* 481 U.S. 186, 193, 95 L. Ed. 2d 162, 107 S. Ct. 1714 (1987); *Bruton v. United States,* 391 U.S. 123, 126, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968).

The Second circuit has held that this confrontation problem may be obviated by redacting the statement so that it no longer connects the non-declarant-defendant to the crime. *United States v. Tutino,* 883 F.2d 1125, 1135 (2d Cir. 1989), *cert. denied,* 493 U.S. 1081, 107 L. Ed. 2d 1044, 110 S. Ct. 1139 (1990). A "defendant's *Bruton* rights [are] violated . . . only if the statement, standing alone, would clearly inculpate him without introduction of further independent evidence." *United States v. Wilkinson*, 754 F.2d 1427, 1435 (2d Cir.), *cert. denied*, 472 U.S. 1019, 105 S. Ct. 3482, 87 L. Ed. 2d 617 (1985); <u>See Also</u>, *Richardson v. Marsh*, 481 U.S. 200, 95 L. Ed. 2d 176, 107 S. Ct. 1702 (1987).

In *Tutino*, the Second Circuit held that a redacted statement "in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's *Bruton* rights." *Tutino*, 883 F.2d at 1135.

In the present case, the government by introducing the statement or statements of Nathaniel Alexander will in effect not allow the Defendant Riddick to cross-examine a potential witness. If Mr. Alexander invokes his Fifth Amendment rights against self-incrimination, Mr. Riddick will never have that opportunity.

Redaction of Mr. Alexander's statement would be pointless and prejudicial to Mr. Riddick. Nine (9) defendants in this case are from New York. There is no proof Mr. Alexander had contact with any of them. Three (3) are from Virginia including both Mr. Alexander and Mr. Riddick. Mr. Alexander is Mr. Riddick's business partner. Mr. Alexander has no other connection with anyone in this case. If the Court redacts Mr. Riddick's name, the jury is clearly going to assume that whoever Mr. Alexander is talking about in his statement is Mr. Riddick since he is the only person who has connections with Mr. Riddick. Using neutral pronouns is also useless given that Mr. Riddick is the only one connected to Mr. Alexander. The only remedy is a Rule 14 severance.

**WHEREFORE PREMISES CONSIDERED**, the Defendant requests the following:

1. That this Court conduct a hearing to determine the issues raised herein;
2. That this Court grant to Mr. Riddick a severance from the trial of Mr. Alexander;
3. That this Court, in the alternative,
4. Any further and general relief to which the Defendant is entitled.

Respectfully Submitted,

**DAVIS & HOSS, P.C.**


s/ Bryan H. Hoss_____
Bryan H. Hoss, TN BPR#  021529
ATTORNEY FOR STEVE RIDDICK
508 East 5th Street
Chattanooga, Tennessee  37403
423-266-0605
423-266-0687—Fax

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

    This the 26th day of March, 2007.


s/Bryan H. Hoss_____