UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | DOCKET NO. 1:05-cr-1067 KMK |
| v. | * | |
| | * | JUDGE KARAS |
| STEVEN EARL RIDDICK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MOTION IN LIMINE TO EXCLUDE THE DEFENDANT'S STATEMENT OR IN THE ALTERNATIVE, MOTION TO SUPPRESS THE DEFENDANT'S STATEMENT & MEMORANDUM IN SUPPORT**

COMES NOW, the Defendant, Steven Earl Riddick, by and through his attorney of record, and hereby files this Motion in limine to exclude the Defendant's statement taken by law enforcement on February 9, 2006 or in the alternative, files this Motion to suppress such statement. The Defendant would show that such statement was taken in violation of the Defendant's 6th Amendment right to counsel and *Michigan v. Jackson*, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986). The Defendant would show unto Court as follows:

1. The Defendant was indicted on or about February 8, 2006 in the United States District Court, Southern District of New York;

2. The indicted stemmed in part from a counterfeit check scheme and charged numerous defendants with bank fraud and money laundering. Nine (9) of the defendants resided in New York while three (3) of the defendants including Mr. Riddick resided in the Norfolk, Virginia area. The indictment specifically charged Mr. Riddick with both bank fraud conspiracy and money laundering conspiracy for depositing three counterfeit checks for $80,000, $375,000 and $450,000 respectively. While the first check was deposited into Mr. Riddick's personal

account, the last two checks were deposited into his business account, Steve Riddick Sports Training, Inc. Only the second check for $375,000 cleared Mr. Riddick's bank account;

4. The last check for $450,000 was deposited in May, 2005;

5. Shortly after the last check was deposited, Mr. Riddick received information from his bank that the $450,000 was being investigated for possible fraud;

6. Mr. Riddick retained private counsel, Hunter W. Sims, Jr., an attorney in Norfolk, Virginia where Mr. Riddick lived;

7. Hunter W. Sims, Jr. contacted the United States Attorney's office in June, 2005 regarding these checks and had a telephone conversation with AUSA, Robert J. Krask. (See Affidavit of Hunter Sims, Attached Exhibit "A");

8. AUSA Krask confirmed there was a pending investigation involving the checks and Mr. Sims sent him a letter dated June 29, 2005 asking him to note him as counsel for "Steve Riddick Sports Training, Inc and Steve Riddick with respect to your investigation." (See Attached Exhibit "B");

9. On or about February 8, 2006, government agents executed a search warrant at the residence of co-defendant, Nathaniel Alexander, and learned that Mr. Riddick was traveling to Fayetteville, Arkansas and arranged to have him arrested when he stepped off the plane;

10. On February 9, 2006, the day after Mr. Riddick was indicted, law enforcement in Arkansas arrested Mr. Riddick;

11. On the same date, the agents had Mr. Riddick sign and execute a standard *Miranda* Waiver form (See Attached Exhibit "C");

12. After signing such form, Mr. Riddick gave a statement to law enforcement and an Assistant United States attorney.

13.     At all material times since June 29, 2005 through February 9, 2006, the government knew or should have known that Mr. Riddick had invoked his right to counsel and had ongoing legal representation;

**<u>MEMORANDUM IN SUPPORT</u>**

This Court should suppress the Defendant's post-indictment statement to law enforcement on February 9, 2006 and find that such statement was taken in violation of the Defendant's Sixth Amendment right to counsel. The Defendant clearly invoked his right to counsel by letter and telephone communication to an Assistant United States Attorney in Norfolk, Virginia regarding the specific offense at issue in this case. The Defendant's invocation of his 6th Amendment right to counsel to an AUSA in Norfolk, Virginia is imputed to the prosecution/law enforcement in the Southern District of New York. At all times, the government knew or should have known that the Defendant invoked his Sixth Amendment right to counsel and such counsel's representation was ongoing. Based on this invocation, a mere standard *Miranda* waiver form cannot be and is not a constitutionally sufficient waiver of one's Sixth Amendment right to counsel. Based upon the foregoing violation, this Court should suppress the Defendant's post-indictment statement to law enforcement.

Under the Sixth Amendment, "in all criminal prosecutions, the accused shall enjoy the right…to have the assistance of counsel for his defense." U.S. Const. Amend. VI. The right to counsel "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S. Ct. 2204, 115 L. Ed. 2d 158 (1991).

It is undisputed in the present case that the Defendant was indicted by a grand jury in the Southern District of New York on February 8, 2006 and that law enforcement took his statement after his indictment. Therefore, the Defendant's Sixth Amendment right to counsel had attached at the time of the statement, February 9, 2006.

The United States Supreme Court *Michigan v. Jackson*, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986) held "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." *Michigan v. Jackson*, 475 U.S. 625, 636, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986).

In *Jackson*, a defendant at his arraignment for murder charges in Michigan requested the appointment of an attorney. Before the defendant had the opportunity to consult with an attorney, police officers, after advising the defendant of his *Miranda* rights, questioned him and obtained a confession. The confession was subsequently introduced at his trial and the defendant was convicted. *Jackson*, 475 at 626-27.

The *Jackson* court noted that "a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him – 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment…" Id. at 630; quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).

The *Jackson* court stated, "[g]iven the plain language of the Amendment and its purpose of protecting the unaided layman at critical confrontations with his adversary, our conclusion that the right to counsel attaches at the initiation of the adversary judicial criminal proceedings 'is far from a mere formalism.' *Kirby v. Illinois*, 406 U.S. at 689. It is only at that time "that the government has committed itself to prosecute, and only then that the adverse positions of

4

government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricisies of substantive and procedural criminal law." *Jackson*, 475 U.S. at 631; <u>citing</u> *United States v. Gouveia*, 467 U.S. 180 (1984).

In addition, the *Jackson* court held that the *Miranda* form can not be a constitutionally sufficient waiver of one's Sixth Amendment right to counsel stating, "[j]ust as written waivers are insufficient to justify police-initiated interrogations after the request for counsel in a Fifth Amendment analysis, so too they are insufficient to justify police-initiated interrogations after the request for counsel in a Sixth Amendment analysis." *Id*. at 635.

While *Jackson* involved a defendant invoking his right to counsel at his arraignment, what standards are applied if a defendant invokes his right to counsel pre-indictment or pre-attachment?

In a case directly on point, the Ninth Circuit adopted a new rule of law to be applied to pre-indictment invocations of a Defendant's right to counsel to post-indictment interrogation by law enforcement. In *United States v. Harrison*, 213 F.3d 1206 (9th Cir. 2000)(see Attached as Exhibit "D"), the Ninth Circuit suppressed the Defendant's statements taken in violation of his Sixth Amendment right to counsel and adopted the following test:

> when there is a close nexus between the focus of a pre-indictment investigation and the ultimate charges brought in the indictment, a defendant's ongoing relationship with counsel that is known (or should be known) by the government invokes the Sixth Amendment right to counsel once that right attaches. Phrased differently, a defendant invokes the Sixth Amendment right to counsel as a matter of law when (1) the defendant retains counsel on an ongoing basis to assist with a pending criminal investigation, (2) the government knows, or should know, that the defendant has ongoing legal representation relating to the subject of that investigation, and (3) the eventual indictment brings charges precisely anticipated by the scope of the pre-indictment investigation. *Id*. at 1213.

In *Harrison*, the Ninth Circuit reasoned (1) that courts should not merely ignore a defendant's ongoing representation by counsel just because such representation commenced before indictment; (2) that any layperson who hires an attorney during a criminal investigation will certainly expect that attorney to continue to provide them with legal assistance if the government later charges them with a crime; and (3) certainly, if a layperson hires an attorney and knows that their attorney has been in contact with the government, they would expect the government to know of this representation. *Id*.

While counsel could not locate any Second circuit opinions adopting the above three prong test, *Harrison* has been cited with approval in the Southern District of New York. See *United States v. Stein, et al.*, 435 F. Supp. 2d 330; 2006 U.S. Dist. LEXIS 42915 (United States District Court, Southern District of New York, June 26, 2006, the Honorable Judge Kaplan); See Also, *United States v. Medrano*, 208 F. Supp. 2d 681; 2002 U.S. Dist. LEXIS 11320 (United States District Court, Western District of Texas, June 20, 2002, the Honorable Judge William Wayne Justice)(See Attached Exhibit "E")(quoting *Harrison* "when there is a close nexus between the focus of a pre-indictment investigation and the ultimate charges brought in the indictment, a defendant's ongoing relationship with counsel that is known (or should be known) by the government invokes the Sixth Amendment right to counsel once that right attaches.")

Respectfully, in the present case, the Defendant clearly invoked his Sixth Amendment right to counsel when Hunter Sims called the AUSA and sent him a letter in June 2005. His invocation was offense specific and is the gravamen of this indictment. Based on the Affidavit of Hunter Sims and his letter, the record demonstrates (1) an ongoing attorney-client relationship through the day of the indictment; (2) that the government knew or should have known about this representation based upon their telephone call with Hunter Sims and the letter Mr. Sims sent to

Bob Krask, AUSA; and (3) the present indictment includes the same charges as the scope of the investigation.

**WHEREFORE PREMISES CONSIDERED**, the Defendant requests the following:

1. That this Court conduct a hearing to determine the issues raised herein;

2. That this Court adopt the test in *Harrison* and suppress the Defendant's statements;

3. Any further and general relief to which the Defendant is entitled.

Respectfully Submitted,

**DAVIS & HOSS, P.C.**

s/ Bryan H. Hoss_____
Bryan H. Hoss, TN BPR# 021529
ATTORNEY FOR STEVE RIDDICK
508 East 5th Street
Chattanooga, Tennessee  37403
423-266-0605
423-266-0687—Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

This the 26th day of March, 2007.

s/Bryan H. Hoss_____