UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | DOCKET NO. 1:05-cr-1067 KMK |
| v. | * | |
| | * | JUDGE KARAS |
| STEVEN EARL RIDDICK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MOTION IN LIMINE #2

Comes now, the Defendant, Steve Riddick, by and through his attorney of record, and hereby files this motion in limine to prevent the Government from introducing a statement by Nathanial Alexander given on March 29, 2006. Without waiving the Defendant's motion to sever previously filed, the Defendant would show unto the Court as follows:

1. Nathanial Alexander gave a statement on March 29, 2006 to an AUSA and law enforcement agents in a proffer session.

2. In the statement, the 302 reports that Alexander stated that he "gave $100 cash gifts here and there to foreign athletes who were not getting financial support from their respective countries." These occurred while Riddick was coaching at Norfolk State University.

3. The Defendant would show that there is a significant distinction between NCAA athletes and foreign athletes who were part of the Norfolk International Training Center. Specifically, NCAA rules and regulations would prevent payments made directly to Norfolk State University athletes. Such rules would not apply if the athlete did not participate in NCAA events and was part of the Norfolk State International Training Center.

4. The Government has not provided the Defendant with notice pursuant to Rule 404(b) of the *Federal Rules of Evidence* that it intends of introducing such prior as a prior bad act.

5. Under Rules 401 of the *Federal Rules of Evidence*, such proof is not relevant to any issue that is material before this court. It is unclear when these payments were made, but presumably, they occurred prior to Riddick's departure from Norfolk State University, in or about 1999.

6. Jurors may mistakenly believe and the Government may mistakenly argue that such payments were illegal or in violation of the NCAA rules, when in fact, that is not the case.

7. Under Rule 403 of the Federal Rules of Evidence, there is no probative value and the prejudicial impact is high given the misperceptions that such proof may lead to. In addition, the Defendant would be at a distinct disadvantage in cross-examining Mr. Alexander given that he has Fifth Amendment privileges and may not testify.

WHEREFORE PREMISES CONSIDERED, the Defendant requests:

1. An order preventing the Government from introducing such proof;
2. Any further general relief to which the Defendant may be entitled.

Respectfully submitted,

**DAVIS & HOSS, PC**

By: s/Bryan H. Hoss
   **Bryan H. Hoss, TN BPR #021529**
ATTORNEY FOR STEVE RIDDICK
508 East 5th Street
Chattanooga, Tennessee  37403
423-266-0605 – Telephone
423-266-0687 – Facsimile


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

This the 4th day of April, 2007.

s/Bryan H. Hoss