

# Davis & Hoss, PC
### ATTORNEYS AT LAW

C. Leland Davis
lee@davis-hoss.com

Bryan H. Hoss
bryan@davis-hoss.com

June 11, 2007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/07

The Honorable Kenneth M. Karas
500 Pearl Street – Room 920
Daniel Patrick Moynihan
United States Courthouse
New York, NY 10007

Re:   **United States of America vs. Steven Earl Riddick**
      Docket No. 1:05-cr-1067 KMK

Dear Judge Karas:

Pursuant to Rule 29(c) of the *Federal Rules of Criminal Procedure*, Steve Riddick moves this Court to set aside the jury's verdict and enter a judgment of acquittal. The Defendants submits that the evidence was wholly insufficient to support the jury's verdict as to each count. The Defendant notes his pre-trial motions to suppress, motions in limine, objections raised during trial, and Motion for Judgment of Acquittal raised at the close of the goverment's case in cheif and without waiving such motions, objections, etc...submits this Motion for an acquittal after the jury's verdict.

The Second Circuit holds that a Rule 29 motion should be granted only if the district court concludes there is "no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972). While a jury may convict on circumstantial evidence alone, *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995), the evidence is entirely insufficient to sustain such convictions. Only one witness testified who had personal contact with Steve Riddick, Charlie Wells. The off-hand comment attributed to Mr. Riddick is not evidence of any crime and cannot be reasonably construed by any "reasonable mind" to be guilt beyond a reasonable doubt. The co-conspirator statements in the way they were introduced agaisnt Steve Riddick violate his rights under the confrontation clause as there was never any independent proof establishing their veracity.

Without raising each objection during trial and the issues raised pre-trial, the Defendant seeks to preserve his sufficiency of the evidence issues raised during trial and today via this Rule 29 application. *United States v. Leslie*, 103 F.3d 1093, 1100-01 (2d Cir.) (holding that defendant did not waive sufficiency challenge by raising argument in Rule 33 motion for new trial and not in Rule 29 motion for judgment of acquittal), *cert. denied*, 117 S. Ct. 1713 (1997).

*[Handwritten: Motion Denied. The evidence was more than sufficient to support the jury's verdict.]*

Respectfully Submitted,

*Bryan H. Hoss (by permission CLD)*

Bryan Hoss
Davis & Hoss P.C.

*[Handwritten: So ordered.]*

BHH/jt

*[Handwritten signature]*

*[Handwritten: 6/12/07]*

508 E. 5th Street  •  Chattanooga, Tennessee 37403  •  phone (423) 266-0605  •  fax (423) 266-0687  •  www.davis-hoss.com

Licensed in Tennessee and Georgia
State and Federal Courts